IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-860-GBW |
| | : Superior Court of the State of |
| CHRISTOPHER FEDDER, | : Delaware in and for Sussex County |
| | : Case No. 21-04-008842 |
| Defendant. | : |

Christopher Fedder, Bear, Delaware, Pro Se Defendant.

**MEMORANDUM OPINION**

October 19, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Defendant Christopher Fedder ("Defendant" or "Fedder") removed this state criminal matter under 28 U.S.C. § 1445. (D.I. 1) On September 16, 2022, the Court ordered Defendant to show cause why the case should not be dismissed for failure to prosecute. (D.I. 6) Defendant responds that his criminal case is still ongoing and asks that the case remain open. (D.I. 7)

## II. BACKGROUND

On April 15, 2021, Defendant was arrested on charges of possession of a firearm during the commission of a felony and assault 2nd degree. (D.I. 1 at 16) As of September 25, 2022, the criminal case was pending in the Superior Court of the State of Delaware in and for Sussex County. (D.I. 7) Defendant is represented by counsel. (*Id.*) Defendant removed this matter on June 16, 2021 pursuant to 28 U.S.C. § 1455 for violations of his Sixth Amendment right to self-representation, right to discovery of the State's evidence against him, right to cross-examine witnesses, and right to a fair trial. (D.I. 1 at 2)

## III. LEGAL STANDARDS

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have

1

been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated

2

in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (citations omitted).

Defendant alleges in a conclusory manner violations of his Sixth Amendment right to self-representation, right to discovery of the State's evidence against him, right to cross-examine witnesses, and right to a fair trial. He believes that bias exists against him in the Delaware legal system. He contends that he cannot get an unbiased jury pool due to the reporting of inaccurate facts and an inaccurate press release made by the Delaware State Police. Defendant, however, does not assert that he cannot get a fair and impartial trial or that he is denied equal access to the Superior Court. Moreover, Defendant is represented by counsel in the criminal matter. There are no assertions that provide a basis for this Court's proposed exercise of subject matter jurisdiction. Nor are there allegations that Defendant cannot enforce his asserted rights in state court. *In re Weddington,* 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws,* 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of removal simply does not lead to the conclusion that Defendant cannot enforce any asserted rights in state court. Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights

3

[can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. For the above reasons, the Court will summarily remand this criminal matter.

## V. CONCLUSION

For the above reasons the Court will summarily remand this matter to the Superior Court of the State of Delaware in and for Sussex County (Case No. 21-04-008842).

An appropriate order will be entered.